# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| **ROBERT SPONG AND KERRY SPONG,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CASE NO. _____** |
| | § | |
| **FIDELITY NATIONAL PROPERTY** | § | |
| **& CASUALTY INSURANCE COMPANY,** | § | |
| **FIDELITY NATIONAL INSURANCE** | § | |
| **ERVICES, LLC AND CRYSTAL** | § | |
| **BEACH INSURANCE AGENCY, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY (hereinafter "Fidelity" or "Defendant").[1]  Fidelity is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[2] and appears herein in its "fiduciary"[3] capacity as the "fiscal agent of the United States."[4] Defendant files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court.   An index of documents being filed contemporaneously with this Notice is attached as Exhibit A.  Fidelity respectfully shows as follows:

---

[1] Fidelity notes that the only proper party defendant as to the Standard Flood Insurance Policy ("SFIP") placed at issue in this lawsuit is Fidelity National Property and Casualty Insurance Company as Fidelity National Insurance Services, LLC did not issue the flood policy at issue in this matter.

[2] *See* 42 U.S.C. §4001 *et seq.*

[3] 44 C.F.R. §62.23(f).

[4] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

I.

On or about May 10, 2010, Plaintiffs, Robert Spong and Kerry Spong, filed a lawsuit in the District Court of Galveston County, State of Texas, entitled *"Robert Spong and Kerry Spong v. Fidelity National Property and Casualty Insurance Company, Fidelity National Insurance Services, LLC and Crystal Beach Insurance Agency*, LLC" bearing case number 10-cv-1250. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "B."

II.

For the reasons that follow, Fidelity hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, 28 U.S.C. §1332, 28 U.S.C. §1337 and 28 U.S.C. §1367.

A.   **REVIEW OF PLAINTIFFS' COMPLAINT**

1.      At paragraph 7 of Plaintiffs' Original Petition ("Petition"), Plaintiffs allege that they purchased a flood insurance policy from Fidelity in March of 2006.

2.      At paragraph 8 of Plaintiffs' Petition, Plaintiffs allege that Hurricane Ike "washed away the home" at issue in the matter, that Plaintiffs filed a claim under their flood policy with Fidelity and that Fidelity inspected the flood loss and subsequently prepared an estimate.

3.      At paragraph 9 of Plaintiffs' Petition, Plaintiffs allege that Fidelity notified Plaintiffs that their property was not eligible for flood coverage because it was located within the coastal barrier resource system. Plaintiffs further allege that Fidelity cancelled the flood policy.

4.      At paragraph 14 of the Plaintiffs' Petition, Plaintiffs allege that Fidelity made numerous false misrepresentations to Plaintiffs regarding the flood insurance policy.

2

5.     At paragraph 16 of the Plaintiffs' Petition, Plaintiffs allege that they are entitled to recovery of actual damages.

6.     At paragraph 18 of Plaintiffs' Petition, Plaintiffs allege that they are entitled to economic damages and injunctive relief.

7.     At paragraph 22 of Plaintiffs' Petition, Plaintiffs allege that Defendants made numerous material misrepresentations to Plaintiffs regarding the flood insurance policy.

8.     At paragraph 24 of Plaintiffs' Petition, Plaintiffs allege that Fidelity made false fraudulent misrepresentations to Plaintiffs regarding their SFIP.

9.     At paragraph 26 of Plaintiffs' Petition, Plaintiffs allege that ". . . Defendants are estopped from denying insurance coverage to Plaintiffs for flood damage which Defendants promised to provide." Further, Plaintiffs allege that ". . . [i]njustice can be avoided only by enforcing Defendants promises. Therefore, Plaintiffs bring this cause of action for promissory estoppel to recover their actual damages necessary to restore them to their prior position. . . ."

10.    At paragraph 33 of Plaintiffs' Petition, Plaintiffs allege that they have performed all conditions precedent in this matter.

**B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

11.    Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

12.     Fidelity, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

13.     Fidelity cannot waive, alter or amend any of the provisions of the SFIP.  See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2007 edition).

14.     Further, Fidelity has no authority itself to tailor or alter NFIP policies backed by the government.  44 C.F.R. §62.23.

15.     Fidelity's role, as a WYO Program carrier and as set forth in the Arrangement, is to *market, sell, administer, and handle* claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that Fidelity, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

16.     All flood claim payments made by a WYO Program carrier, such as Fidelity, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.[5]  The Fifth Circuit has held that "payments made pursuant to that policy are a direct charge on the public treasury."  *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).  The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid."  *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

---

[5] See also 44 C.F.R. Pt. 62, App. A, Art. III(D)(1), (2) and (3).

17.    Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Fidelity.  In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

18.    Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

19.    The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law.  *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979).  In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

C.    **FEDERAL JURISDICTION**

(1).    **42 U.S.C. §4072 в Original Exclusive Jurisdiction**

20.    42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

21.    Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Fidelity is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

(2).    **28 U.S.C. §1331 - Federal Question Jurisdiction**

22.    Fidelity asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. §1331.

23.     In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Regardless of the source of funding for Plaintiffs' alleged actual damages, the Court would have to interpret the SFIP itself.  Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning."  *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder based upon rating and zone determinations, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question.  Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

24.     Plaintiffs' Petition clearly asserts that Fidelity should be estopped from "denying insurance coverage to Plaintiffs for flood damage that Defendants promised to provide."[6]  Plaintiffs further assert that "[i]njustice can be avoided only by enforcing Defendants' promise."  Clearly, Plaintiffs are seeking the enforcement of their SFIP contract, i.e., breach of contract.  As such, the payment that the Plaintiffs seek from Fidelity under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

---

[6] See Plaintiffs' Petition, attached as Exhibit B, ¶26.

25.     Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Fidelity asserts that there are multiple federal questions presented within the Plaintiffs' Petition thereby making the action removable pursuant to 28 U.S.C. §1331.

## D.     FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE

26.     Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce. Just like §1442, §1337 is not subject to the well-pleaded-complaint rule. Under §1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the plaintiff's pleading. *Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft*, 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

27.     Clearly, under the National Flood Insurance Act, 42 U.S.C. §4001, *et seq.*, Congress is regulating commerce by promulgating the complex and comprehensive statutory scheme that is commonly described as the National Flood Insurance Act. As recognized in *C.E.R. 1988, Inc. v. Aetna Casualty and Surety Co.*, 386 F.3d 263 (3rd Cir. 2004):

> FN3. The insurance industry in the United States operates in interstate commerce. States may regulate the insurance industry only to the extent Congress permits. U.S. Const. art. I, § 8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*, grants states this power except where Congress enacts legislation that "specifically relates to the business of insurance." 15 U.S.C. §1012 (b). In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that "[t]he word 'relates' is highly general." *Id*. at 38, 116

8

S.Ct. 1103. Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance. *Id*. at FN 3

28.     Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as "the conditions of insurability." See, e.g., 42 U.S.C.  §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiffs' Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. §1337.

## E.     THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

29.     To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

30.     All of the claims put at issue in the Plaintiffs' Petition arise from the property damage that they allegedly sustained as a result of a flood, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom.   Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See*, *e.g.*, *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000).

**F.    28 U.S.C. §1332 - DIVERSITY JURISDICTION**

31.    In addition to being removable to the United States District Court on the basis of a federal question, this case is also removable on the basis of diversity jurisdiction. Under 28 U.S.C. §1332, U.S. District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

32.    There is no question that the matter in controversy exceeds the sum or value of $75,000.  Via Plaintiffs' well pleaded Petition, Plaintiffs place at issue the Fidelity estimate of $208,310.00 at paragraph 8 of Plaintiffs' Petition.  Therefore, the amount in controversy requirement is met.

33.    There is also complete diversity of citizenship of the parties. Plaintiffs, Robert Spong and Kerry Spong, are residents of the State of Texas.[7]  Defendant Fidelity is a corporation that was formed under, and incorporated in the state of New York.  Fidelity's main office and principal place of business is in Florida.

34.    Co-Defendant Crystal Beach Insurance Agency ("CBI"), upon information and belief, was a citizen of Texas. However, CBI has been improperly joined as a defendant in this lawsuit in an attempt to defeat diversity jurisdiction. Therefore, CBI's citizenship should be ignored for removal purposes under the doctrine of improper joinder. CBI should be dismissed from this action because Plaintiffs cannot recover from CBI on any of the causes of action asserted in Plaintiffs' Original Petition.

---

[7] See Petition, attached as Exhibit B, ¶3.

10

35.     The factual allegations and causes of action in Plaintiffs' Original Petition focus upon the writing and renewal of an SFIP issued by Fidelity.[8]  However, Plaintiffs' allegations, whether against Fidelity or against CBI, fail as a matter of law as Plaintiffs are charged with full knowledge of the requirements for participation in the NFIP.  Per *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947)*, and subsequent jurisprudence, Plaintiffs' claims as to CBI fail.

36.     Based upon Plaintiffs' allegations, Plaintiffs allege the following causes of action in their Petition: (1) negligence; (2) negligent misrepresentation; (3) violations of the Texas Insurance Code pursuant to Chapters 541 and 542; (4) violation of Texas Deceptive Trade Practice - Consumer Protection Act, Texas Business and Commerce Code §1741, et seq. ; (5) gross negligence; and (6) fraud.

37.     A cause of action generally accrues when the wrongful act effects an injury, regardless of when the plaintiff learned of the injury. *Murphy v. Campbell, 964* SW.2d 265, 270 (Tex. 1997). Based on the allegations in Plaintiffs' Original Petition, most of Plaintiffs' causes of action accrued in March of 2006 and the alleged wrongful act - the writing of the SFIP for a property in a Coastal Barrier Resource System Zone - occurred.

38.     Under Texas law, the statute of limitations for DTPA claims is two years. Tex. Bus. & Com. Code §17.565 (Vernon 1987). The statute of limitations for claims under Chapter 541 of the Texas Insurance Code Claims is two years. *See* Tex. Ins. Code, Subchapter 541.162. The statute of limitations for the breach of the duty of good faith and fair dealing is two years. *Arnold v. National County Mutual Fire Ins.* Co., 725 SW.2d 165, 168 (Tex. 1987) The statute of limitations for

---

[8] See, *Id*. at ¶ 7-10.

11

negligence actions including negligent misrepresentation claims is two years. Tex. Civ. Prac. & Rem. Code §16.003(a); and *see Envtl. Procedures, Inc. v. Guidry,* No. 14-05-01090-CV, 2008 Tex. App. LEXIS 2732, 2008 WL 1746087, at *9 (Tex. App.-Houston [14th Dist.] April 17, 2008, no pet.) The statute of limitations for fraud is four years. TEX. CIV. PRAC. & REM. CODE § 16.004(a)(4) (Vernon Supp. 2001); *Williams v. Khalaf,* 802 S.W.2d 651, 656-57, 34 Tex. Sup. Ct. J. 133 (Tex. 1990); *see Martinez Tapia v. Chase Manhattan Bank, N.A.,* 149 F.3d 404, 410-11 (5th Cir. 1998). The statutes of limitations on each of these causes of action expired prior to the filing of the instant lawsuit on May 10, 2010. Therefore, Plaintiffs cannot succeed on any of these causes of action against CBI.

39.     Plaintiffs' only remaining cause of action is based upon the enforcement of the SFIP, *i.e.,* the "...enforcing of Defendants' promises" under the insurance contract.[9]  Plaintiffs' contract was with Fidelity, not CBI.  Therefore, Plaintiffs cannot succeed on any of their alleged causes of action against CBI.

40.     Even should Plaintiffs' claims against CBI not be barred by the statutes of limitations, CBI cannot be held liable for Fidelity's claims handling or contractual obligations merely by virtue of his agency relationship with Fidelity. *See Hart v. Bayer Corp.,* 199 F.3d 239,247 (5th Cir. 2000) (An agent is liable for the acts of its principal only when the agent is the "guiding spirit behind the wrongful conduct or central figure in the challenged corporate activity."). "If an agent is acting within the scope of his authority, he is not personally liable on contracts made on behalf of his principal." *French v. State Farm Insurance* Co., 156 F.R.O. 159, 162 (S.D. Tex. 1994); *see also*

---

[9] The statute of limitations for breach of contract claims is four years. Tex. Civ. Prac. & Rem. Code § 16.004(A)(3) (Vernon Supp. 2001); *Morriss v. Enron Oil* & Gas *Co.,* 948 SW.2d 858, 869 (Tex. App.- San Antonio 1997, no writ).

*Westmoreland v. Sadoux,* 299 F.3d 462, 466-67 (5th Gir. 2002), *cert. denied,* 537 U.S. 1232, 123 S.

Gt. 1354, 155 L. Ed. 2d 196 (2003) (under Texas law an agent is not ordinarily liable under contract

it executes on behalf of its principal, so long as its agency is disclosed).

41.     Nor can Plaintiffs have a viable claim against CBI for breach of the duty of good faith

and fair dealing because such a claim is barred under Texas law. The Texas Supreme Court made it

clear that "there is no need to extend the duty of good faith and fair dealing owed by insurance

carriers to their insureds to include agents or contractors of the insurance carrier." *Natividad v.*

*Alexsis,* 875 S.W.2d 695, 37 Tex. Sup. J. 722, 726 (Tex. 1994).

42.     Also, Texas courts have refused to recognize a cause of action for negligent claims

handling under Texas law. *See Robinson v. State Farm Fire* & Cas. Co., 13 F.3d 160, 163 (5th Cir.

1994); *United Servo Auto. Ass'n v. Pennington, 810* SW.2d 777, 783-84 (Tex. App.-San Antonio

1991, writ denied); and *French* at 162.

## G.     SEPARATE AND INDEPENDENT FEDERAL CLAIM

43.     Plaintiffs' claims against Fidelity under the SFIP involve an obligation distinct and

separate from the claims made against the co-Defendant CBI.  More particularly:

a.     The issuance of an SFIP is governed by federal law and flood claims are paid with
       U.S. Treasury funds;

b.     The interpretation of an SFIP insurance policy to determine coverage is the
       interpretation of a codified federal regulation found at 44 C.F.R. Pt. 61, App. A(1);

c.     Plaintiffs' claims as to how Fidelity issued, administered and canceled the SFIP and
       adjusted the Plaintiffs' flood loss claim in order to develop the $208,310.00 estimate
       referenced at paragraph 8 of Plaintiffs' Petition are independent of Plaintiffs' claims
       against the co-Defendant CBI.  As such, Plaintiffs' claims as to Fidelity can only be
       removed by the WYO Program carrier Fidelity.

44.      Removal of such claims is allowed pursuant to 28 U.S.C. §1331, which provides in pertinent part:

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which state law predominates.

45.      Thus, regardless of the other claims against the Co-Defendant CBI, if this Court finds one federal claim that is separate and independent as to Fidelity, then this Court has jurisdiction and this removal is proper.

## H.      PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

46.      Fidelity first knowledge or notice of the suit was on May 24, 2010, a copy of which is attached hereto as part of Exhibit C.

47.      For the reasons discussed above and herein, Plaintiffs' claims for payment of flood damages under an existing SFIP issued by Fidelity raise federal questions that are separate and independent from all other claims made in this lawsuit.  Therefore, consent to removal of co-Defendant CBI is not required under 28 U.S.C. §1441(c).  *See Henry v. Independent American Savings Assoc.*, 857 F.2d 995, 999 (5th Cir. 1998).

48.      The record indicates that CBI has not yet been served in this matter.  See Exhibit B. Therefore, consent for removal from CBI is not required.

49.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

50.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Fidelity to date.

## CONCLUSION

WHEREFORE, Defendants, Fidelity National Property and Casualty Insurance Company and

Fidelity National Insurance Services, LLC, pray that this Notice of Removal will be deemed good

and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

**BAKER HOSTETLER LLP**

By: */s/ Michelle Benavides*
    Douglas D. D'Arche
    State Bar No. 00793582
    Michelle Benavides
    State Bar No. 24050275
    1000 Louisiana, Suite 2000
    Houston, Texas  77002
    Telephone: (713) 751-1600
    Facsimile:  (713) 751-1717
    E-mail:    ddarche@bakerlaw.com
            mbenavides@bakerlaw.com
    and

**THE NIELSEN LAW FIRM**
    Gerald J. Nielsen,  La.S.B. #17078
    Joseph J. Aguda, Jr., La.S.B. #27762
    Kim Huong A. Tran,  La.S.B. #24896
    3838 N. Causeway Blvd.  Suite 2850
    Metairie, Louisiana 70002
    Tel. (504) 837-2500
    Fax (504) 832-9165
    Email: mbreinin@nielsenlawfirm.com

**ATTORNEYS FOR FIDELITY NATIONAL
PROPERTY & CASUALTY INSURANCE CO.**

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served a true and correct copy of the foregoing pleading upon the following counsel of record via certified mail return receipt requested and/or via the court's electronic mail system on this 14th day of June, 2010:

> Jeffrey L. Doggett
> Galleria Tower I
> 2700 Post Oak Blvd., Suite 900
> Houston, TX 77056
> **Counsel for Plaintiffs**

<u>*/S/ Michelle Benavides*</u>
MICHELLE BENAVIDES
