IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT SPONG and KERRY SPONG | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-228 |
| | § | |
| FIDELITY NATIONAL PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| ET AL. | § | |

## O R D E R

On October 8, 2013, this Court denied the Motion for Summary Judgment of Defendants, Fidelity National Property and Casualty Insurance Company and Fidelity National Insurance Services , L.C., finding, *inter alia*, that the decision of the United States Court of Appeals for the Fifth Circuit in Campo v. Allstate Insurance Co., 562 F.3d 751 (5th Cir. 2009), precluded dismissing the Plaintiffs' state law procurement claims as preempted by federal law.  Now before the Court is the Fidelity Defendants' "Motion for Certification of Interlocutory Appeals."

In the opinion of this Court, its ruling related to Campo involves a controlling question of law as to which there is a substantial ground for difference of opinion.  In the wake of Hurricane Ike this Court has at least two cases involving the question of federal preemption of procurement related claims; each involves structures found to be ineligible for insurance coverage under the National Flood Insurance Program because, after the hurricane, they were discovered to be located in a specific unit of land within the John H. Chafee Coastal Barrier Resources System (CBRS). At present, there is a split in Circuit Court decisions addressing this question:  the Tenth Circuit in Redmund v. State Farm Fire and Casualty Co., 483 Fed. Appx. 403, 408 n.3, 2012 WL

1743094 *3 (C.A. 10th (Utah)), expressly rejected the reasoning in <u>Campo</u>.  Moreover, FEMA, itself, publicly announced its disagreement with <u>Campo</u> in a bulletin issued on July 16, 2009.

The CBRS includes 585 units totaling nearly 1.3 million acres of land scattered along the Atlantic, Gulf and Great Lakes coasts; many units are prone to hurricane damage.  Consequently, each hurricane has the potential to result in litigation involving this precise question of law.  The Court, therefore, is also of the opinion that an immediate appeal from its ruling is likely to materially advance the ultimate determination of this litigation and other cases presently pending or inevitably to arise in the future.

For the foregoing reasons, the "Motion for Certification of Interlocutory Appeals" (Instrument no. 110) of the Fidelity Defendants is **GRANTED** and the Court **CERTIFIES** for immediate interlocutory appeal the general issues of whether <u>Campo</u> should be reversed or has been superseded by FEMA's pronouncement and whether all NFIP policy procurement disputes are preempted by federal law.

It is, further **ORDERED** that the remainder of this case is **STAYED and ADMINISTRATIVELY CLOSED** pending the conclusion of Fidelity's interlocutory appeal, at which time counsel **SHALL** file a written motion to reinstate this case on the Court's active docket.

**DONE** at Galveston, Texas, this _____4th_____ day of November, 2013.

_____
John R. Froeschner
United States Magistrate Judge

2