United States District Court
Southern District of Texas
**ENTERED**
April 28, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT SPONG and KERRY SPONG | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-228 |
| | § | |
| FIDELITY NATIONAL PROPERTY | § | |
| AND CASUALTY INSURANCE CO., | § | |
| ET AL. | § | |

## OPINION AND ORDER

Before the Court is the converted Motion for Summary Judgment of the United States; the Motion seeks the dismissal of all claims asserted by Plaintiffs, Robert and Kerry Spong, against the United States based upon the actions of the Federal Emergency Management Agency (FEMA) and the United States Fish & Wildlife Service (FWS). The Motion has been fully briefed and is ripe for a determination. Therefore, the Court issues this Opinion and Order.

Article III requires a federal court to satisfy itself of its subject matter jurisdiction before it considers the merits of the case. Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 101-102 (1998). The United States has challenged this Court's jurisdiction, so that challenge must be addressed at the outset.

The Spongs' case against FEMA and the FWS is premised on the misrepresentation that the property they purchased and insured against flood loss was not located in the Coastal Barrier Resources System (CBRS). Their claims, if actionable at all, are

actionable only under the Federal Torts Claim Act (FTCA). According to the United States, in this case the Spongs failed to exhaust the statute's administrative remedies and, as a result, this Court lacks subject matter jurisdiction.

The facts of this case have been set forth so often they need not be recited here except when particularly relevant to the Court's discussion.

The FTCA requires the exhaustion of administrative remedies before suit can be filed against the United States. The administrative complaint must be filed within two years of the alleged injury. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 110 (1993). The timely filing of a claim with the appropriate federal agency is an absolute jurisdictional prerequisite and cannot be waived, Bryan v. Stephens, 169 F.Supp. 2d 676, 684 (S.D. Tex. 2001), and, as a result, equitable tolling is not available. Cf. Sebelius v. Auburn Regional Medical Center, 568 U.S.___, 184 L.Ed 2d 627, 637 (2013).

The "discovery rule," when applicable, can delay the start of the limitations period, In re FEMA, 646 F.3d 185, 190 (5th Cir. 2011), but only until the time a claimant is aware of sufficient evidence to support a reasonable belief that the federal agency's acts may have caused him injury. The Spongs argue that they did not "discover" their injury until October 14, 2009, and that their administrative complaint, filed on October 12, 2011, was timely. This Court respectfully disagrees.

Aside from the more seminal cases cited by the United States, the Court finds the case of <u>Ramming v. United States</u>, 281 F.3d 158 (5th Cir. 2001), to be particularly instructive.  In <u>Ramming</u>, United States District Judge Kenneth Hoyt, on January 12, 1996, granted the two criminal defendants' motions for acquittal on the basis of numerous acts of prosecutorial misconduct he recited into the record.  On March 18, 1999, one of those defendants, Lawrence Ramming, filed an administrative claim for malicious prosecution against the United States.  After the claim was denied he filed suit.  The Fifth Circuit affirmed the District Court's dismissal of the complaint as time-barred under the FTCA, 28 U.S.C. § 2401(b).  The Court found that after Judge Hoyt's unequivocal iteration of the prosecutorial misconduct Ramming had ample evidence of essential facts which would support the possible *existence of a claim* for malicious prosecution or, at the very least, he was in a position to seek legal advise to determine whether there was a causal connection between the prosecutors' acts and his injury.  The Court stated that this "requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event." <u>Id</u>. 163.  Ramming argued that he did not "discover" his injury until December 1998 when he learned of the contents of the grand jury transcripts which led to his indictment.  The Court, however, concluded that "because (Ramming) knew **or should have known of his injury**" and the causal connection between his injury and the prosecutors' conduct on the date of his acquittal, the limitations period began to run on that date.  (emphasis added)

Cf. Jensen v. Snellings, 841 F.2d 600, 607 (5th Cir. 1988) ("Investors are not free to ignore 'storm warnings' which would alert a reasonable investor to the possibility of fraudulent statements or omissions in his securities transactions.")

In this case, there were at least two "storm warnings" that should have motivated the Spongs to investigate the possible invalidity of the policy and the potential for injury. First, given the legal fiction[1] of their knowledge that CBRS property was uninsurable under a Standard Flood Insurance Policy, the information on the elevation certificate, produced at closing in March 2006, indicating that the property was within the "Coastal Barrier Act" should have caused them to investigate prior to closing the sale. Second, and certainly more obvious, was their receipt of the January 27, 2009, email from Fidelity informing them that it may not honor their insurance claim because the property was located within the CBRS; that email even suggested they might want to seek legal representation to investigate the matter. Either of those events, especially the latter, provided ample evidence of the possible existence of a claim for misrepresentation against the realtor and Fidelity to trigger the "requirement of diligent inquiry."

Assuming the existence of a cognizable claim, the Spongs ignored these warnings and let the storm hit in the form of a letter from Fidelity dated October 14, 2009, which informed them their claim was denied and their policy was void due to the location of the

---

[1] This legal fiction of constructive knowledge has been found to apply in this case by the Fifth Circuit.

property within the CBRS.  The Spongs then waited almost two years before filing their administrative claims against FEMA and the FWS on October 12, 2011.  As a result, the Court finds their administrative claims were untimely and that the Court lacks subjection matter jurisdiction to consider those claims now.

It is, therefore, **ORDERED** that the converted Motion for Summary Judgment (Instrument no. 87) of the United States is **GRANTED** and all claims asserted by Plaintiffs, Robert and Kerry Spong, are **DISMISSED for lack of subject matter jurisdiction**.

**DONE** at Galveston, Texas, this ___28th___ day of April, 2016.

_____
John R. Froeschner
United States Magistrate Judge