IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT SPONG and KERRY SPONG | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-10-228 |
| | § | |
| FIDELITY NATIONAL PROPERTY | § | |
| AND CASUALTY INSURANCE CO., | § | |
| ET AL. | § | |

## OPINION AND ORDER

Before the Court is the Second Motion for Summary Judgment of Defendants, Fidelity National Property and Casualty Insurance Company and Fidelity National Services, LLC[1] (collectively "Fidelity") filed by Fidelity following the remand of this case from the Fifth Circuit; the Motion seeks the dismissal of the Third Amended Complaint of Plaintiffs, Robert and Kerry Spong. The Motion has been fully briefed and is ripe for a determination. Accordingly, the Court now issues this Opinion and Order.

For purposes of brevity, the Court incorporates the statement of facts included in the Opinion of the Court of Appeals.

Had the Fifth Circuit simply declined to revisit Campo v. Allstate Insurance, 562 F.3d 751 (5th Cir. 2009), and remanded the case for consideration of the Spong's procurement claims this would be a much more challenging case. Unfortunately, for the

---

[1] Fidelity National Insurance Services is a third-party vendor of Fidelity National Property and Casualty Insurance Co., but the disposition of this case obviates any need to treat them differently.

Spongs, the Circuit made much more dispositive pronouncements than those in its lengthy Opinion. *Inter alia*, the Court of Appeals found that "under the rational of Merrill[2] and Heckler[3], the Spongs cannot claim ignorance of the statutes and regulations as an excuse for relying on Fidelity's issuance of a policy as a determination or representation that their property was not located in the CBRS." (Coastal Barrier Resources System)

In their response to Fidelity's Motion, the Spongs continue to argue that this imputed knowledge is not outcome determinative, but this Court disagrees. Understandably, the Spongs repeatedly lament the predicament they face, but whether the legal protection afforded Fidelity for its participation in the WYO program of the National Flood Insurance Program is good public policy or bad public policy is not for this Court to decide. Cf. Parker v. Mississippi Farm Bureau Casualty Co., 997 F.Supp. 2d 481, 486-87 (S.D. Miss. 2014). As a practical matter, the "constructive" knowledge attributed by law to the Spongs defines the position they were in at all times relevant to their causes of action. Despite what anyone else may have said or done, when the Spongs negotiated the purchase of the property and applied for flood insurance with Fidelity they "knew" that property located within the CBRS was uninsurable and any SFIP issued for such property would be void. As the Fifth Circuit pointed out, with the attribution of that knowledge "(i)t was incumbent upon the Spongs to determine whether their property was eligible for

---

[2]   Federal Prop Insurance Corp. v. Merrill, 332 U.S. 380 (1947)

[3]   Heckler v. Community Health Services of Crawford County, 467 U.S. 51 (1984)

a SFIP," but they "did not do so even though they were in possession" of information that the property may, in fact, be located in the CBRS. Consequently, any claim involving any alleged misrepresentations by Fidelity and detrimental reliance by the Spongs fails as a matter of law. While all of the Spongs' claims are premised upon their allegations that they were misinformed or deceived during the procurement of their SFIP, those claims that require proof of actual misrepresentation include negligent misrepresentation, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, fraud by non-disclosure, fraudulent inducement, promissary estoppel and equitable estoppel. Those claims must be dismissed.

The attribution of knowledge also means the Spongs "knew" that the Crystal Beach Insurance Agency was not an agent of Fidelity. That "knowledge" precludes the application of the doctrine of *respondent superior* and the imposition of any vicarious liability for any misrepresentations made by any agent of Crystal Beach upon Fidelity. Bull v. Allstate Insurance Co., 649 F.Supp. 2d 529, 542 (W.D. La. 2009).

The Spongs also "knew" that Fidelity was a fiscal agent of the United States acting in a fiduciary capacity to protect against improper expenditures of federal funds. 42 U.S.C. § 4071(a)(1), 44 C.F.R. 61.5(e). Accordingly, Fidelity had no duty to act on the Spongs' behalf and their negligence claim fails.

In support of their gross negligence claim the Spongs assert that all of the acts performed "with conscience indifference to their rights, safety or welfare" were done by Fidelity "knowing that it was likely or very possible that the property really was in the CBRS" and that Fidelity nonetheless "issued the SFIP when they knew it was likely void." However, as demonstrated above, the Spongs "knew," before they even purchased the policy, that if the property were located within the CBRS, it was uninsurable and any SFIP would, therefore, be void.

To the extent the Spongs assert that federal funds should not be at stake, that is simply not their call. In the absence of any document from FEMA's chief counsel and the Federal Insurance Administrator that Fidelity will not be defended or indemnified "FEMA is assumed to be paying the expenses of the litigation," Grissom v. Liberty Mutual Fire Insurance Co., 678 F.3d 397, 402 (5th Cir. 2012), and Fidelity has submitted proper summary judgment evidence that no such document exists and that FEMA is, in fact, paying its defense expenses.

Finally, in the absence of any viable underlying claim, there is no "controversy" to provide a basis for declaratory relief. 28 U.S.C. § 2201(a), Evers v. Dwyer, 358 U.S. 202, 203 (1958).

For all of the foregoing reasons, it is **ORDERED** that the Second Motion for Summary Judgment (Instrument no. 126) of Defendants, Fidelity National Property and Casualty Insurance Company and Fidelity National Insurance Services, is **GRANTED** and that all claims asserted against these Defendants by Plaintiffs, Robert and Kerry Spong, are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this ___28th___ day of April, 2016.

_____
John R. Froeschner
United States Magistrate Judge